MILLARD F. MILLS, PLAINTIFF IN ERROR, v. THE MAINE ICE COMPANY, DEFENDANT IN ERROR.

On error to the Supreme Court.

For the plaintiff in error, *D. J. Pancoast.*

For the defendant in error, *Samuel H. Grey* and *Howard Carrow.*

PER CURIAM. The plaintiff in error was employed by the defendant as a laborer to assist in unloading from a vessel

a cargo of ice. At the commencement of the second days' work so much of the ice had been removed as to necessitate the use of a ladder in descending to and ascending from the vessel's hold. When the plaintiff reached his place of work on the morning of the second day he found that a ladder had been lashed perpendicularly in the vessel's forward hatch and was in use by his fellow-workmen, who prosecuted their labor under the direction of the defendant's superintendent. The plaintiff safely used the ladder until the afternoon of that day, when, upon his necessarily ascending it, the top rung, a strip which had been insecurely nailed across the side-bars of the ladder, pulled off and he fell to the bottom of the boat and sustained severe injury. He brought suit against the defendant for damages. At the trial of the case before the Camden Circuit he was non-suited, because it was not directly shown that the defendant had provided the ladder for its workmen.

We think that the evidence established necessity for a ladder in the prosecution of the defendant's work, and the possession and control of the ladder referred to by the defendant, in a position where it could be and was used by the defendant's workmen, and hence made *prima facie* proof that the ladder was provided for the use of its workmen by the defendant. That the ladder was defective and unsafe was not controverted. The non-suit was not granted upon the ground of contributory negligence on the part of the plaintiff, but such negligence was urged upon the argument here. The proofs of the plaintiff's negligence are so debatable that they should be submitted to a jury. The judgment below should be reversed, that a *venire de novo* may be awarded.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, DEPUE, DIXON, KNAPP, MAGIE, REED, SCUDDER, VAN SYCKEL, BROWN, CLEMENT, COLE, SMITH, WHITAKER. 14.