East St. Louis Ice & Cold Storage Co. v. Crow.

---

### East St. Louis Ice and Cold Storage Company v. J. W. Crow.

52 573
155s 74

52 573
93 ⁴215

52 573
102 ⁴ 75

1. NEGLIGENCE— *Who Is Responsible.*—Appellee, a servant in the employ of appellant, acting under the orders of its foreman, was engaged in unloading a barge loaded with stone. In the deck of the barge, and near him, was a hole from a foot to a foot and a half square, which was unprotected and exposed. Appellee, with his back toward the hole, had lifted a rock preparatory to throwing it overboard, when he stepped into the hole and fell with the rock upon his bowels. Appellant contended it was not responsible, because the barge was owned by a quarry company, and was being used by that company for the purpose of delivering its rock. But appellee being the servant of appellant and not of the quarry company, and receiving his injuries while acting for appellant and under its orders in unloading the barge, appellant was held liable.

2. NEGLIGENCE—*Which Party Guilty of, etc., a Question for the Jury.*—Upon the case stated, the jury were justified in finding from the evidence that appellant was guilty of negligence causing the injury, and that appellee was, at the time, in the exercise of ordinary care.

3. EMPLOYES—*Right To Assume the Reasonably Safe Condition of the Place They Are Ordered To Work in.*—Where an employe is ordered

to work in a place, and where he has no time to examine it, he has a right to assume that it is in a reasonably safe condition.

4. MASTER AND SERVANT—*Construction of the Terms, "Bound to Furnish a Reasonably Safe Place" and "Bound to Exercise Reasonable Care" to Do So, etc.*—The expressions, "bound to furnish a reasonably safe place," and "bound to exercise reasonable care to furnish a safe place," mean practically the same thing, and neither of them can be held to require an absolutely safe place to be furnished.

**Memorandum.**—Action for personal injuries. Appeal from the City Court of East St. Louis; the Hon. BENJAMIN H. CANBY, Judge, presiding. Heard in this court at the August term, 1893, and affirmed. Opinion filed March 23, 1894.

The statement of facts is contained in the opinion of the court.

*Plaintiff's instruction, the giving of which is assigned for error:*
The court instructs the jury that a corporation is bound to exercise reasonable care to furnish a safe place in which it requires its servants to work, and that a person entering its employment has a right to presume that the company has discharged its duty in this behalf, and if the jury believe from the evidence that the floor of the barge upon which the defendant required plaintiff to work was at the place and time of the injury in question in a defective and dangerous condition, as charged in the declaration, and was unsafe for the purpose for which it was used by the defendant, and that the defendant had notice thereof before said injury, or by the exercise of reasonable or ordinary care might have had notice thereof before said injury, and negligently failed to use ordinary care to make it reasonably safe, and that by reason thereof the plaintiff, without notice of such unsafe condition of the floor of said barge, while in the discharge of his duty, with due care and caution for his personal safety and to prevent injury, was then and there injured, as charged in the declaration, then the jury will find for the plaintiff and assess his damages at such sum as they believe from the evidence to be a just compensation for the injury so received, not, however, to exceed the amount sued for.

CHARLES W. THOMAS, attorney for appellant.

ALEX. FLANNIGEN and JESSE M. FREELS, attorneys for appellee.

MR. JUSTICE SCOFIELD DELIVERED THE OPINION OF THE COURT.

Appellant, through its foreman, John Sheehan, ordered appellee and others to unload a barge, lying on the east side of the Mississippi river, in the city of East St. Louis.

The barge, except as to the hatchways and a narrow passageway at the edge of the deck, was covered with rock. Near this passageway, on the north third of the barge, was a hole, from a foot to a foot and a half square, which was also exposed. Appellee, with his back toward the hole, had lifted a rock preparatory to throwing it overboard, when he stepped into the hole and fell with the rock upon his bowels.

He sustained serious injuries, some of which are probably permanent. He recovered a judgment for $2,000.

Appellant contends that it is not responsible for the injuries to appellee, for the reason that the barge was owned by the Grafton Quarry Company, and was being used by that company for the purpose of delivering rock to appellant. But appellee was the servant of appellant, and not of the Grafton Quarry Company, and received his injuries while acting for appellant and under its orders in unloading the barge. In such a case, it is not a defense to show that the barge was not appellant's property. Sack v. Dolese et al., 137 Ill. 129; O. & M. Ry. Co. v. Wangelin, 43 Ill. App. 324.

It is urged that appellee's opportunity to learn the condition of the barge was, at least, equal to appellant's, from which it is said to follow that the latter should not be charged with a greater degree of negligence than the former, and consequently should not be held answerable in damages for the accident. We do not agree with appellant in this view of the evidence. We think the jury were justified in finding from the evidence that appellant was guilty of negligence causing the injury, and that appellee was, at the time, in the exercise of ordinary care.

Appellant's superintendent was on the barge on the day before the accident, assisting in the measurement of the rock. If he had been as careful for the well being of the employes of the company, as he was to prevent an overcharge for rock, he would have examined the deck and would have discovered this hole. He said he saw no openings in the deck but the hatchways. This being true, he could not have made an examination to ascertain the condition of the deck.

Appellee did not see the hole when he went upon the barge on the following day. In obedience to the order of appellant's foreman, he began throwing rock overboard. He had no time for the examination of the barge. He had a right to assume that it was in a reasonably safe condition. Hence, we conclude that the jury were justified in finding appellant guilty, and appellee not guilty, of negligence.

Only one instruction was given for appellee and this is criticised. The first clause of the instruction is as follows: " A corporation is bound to exercise reasonable care to furnish a safe place in which it requires its servants to work." It is said that the use of the word corporation is sufficient to render the instruction " eminently invidious and unfair." True it is that a corporation is not required to use a greater degree of care for the safety of its employes than would be exacted of an individual under the same circumstances. But we can not believe that the verdict would have been for a less amount, or in favor of appellant, if the obnoxious word had not been used.

In other words, we think that the statement that a corporation is bound to exercise reasonable care, while not to be commended, was not productive of injury to appellant's case under the circumstances.

It is also said that this instruction required the company to furnish an absolutely safe place for its servants to work in. This is a misconception of the meaning of the language of the instruction. To say that appellant should " exercise reasonable care to furnish a safe place," is equivalent to saying that appellant is required to furnish a " reasonably safe place." These two forms of expression are used indifferently and interchangeably, in many well considered cases in the Illinois Reports, the first occurring in one part of an opinion, and the second in another part of the same opinion. See C., R. I. & P. R. R. Co. v. Lonergan, 118 Ill. 41, and C. & A. R. R. Co. v. Kerr, 148 Ill. 605; 35 N. E. Rep. 1117.

The following quotation from the opinion in the Lonergan case sufficiently illustrates what has been said : " It is also a well settled proposition in this and in the courts of

other States, that a railroad company is not bound to furnish absolutely safe machinery for its employes. The law imposes upon the company the obligation *to use reasonable and ordinary care and diligence in providing suitable and safe machinery*, tracks and switches, engines, etc., for the use of those engaged in its service. The machinery and other devices furnished the employe in operating the road, are not required to be the best, or the most improved kind, or to be absolutely safe. *It is sufficient if the same are reasonably safe.*" In our opinion, the expressions italicized in the above quotation, mean practically the same thing, and either of them may be properly used in an instruction in a case like the one at bar.

We find no error in the refusal or modification of appellant's instructions. The damages are not excessive. The judgment is affirmed.