PATRICK MAHER v. THOMAS McGRATH.

Defendant was a contractor for the erection of a brick building, and employed plaintiff, who was a laborer, in attendance upon masons, also in defendant's employ. Plaintiff, while engaged in such employment, was injured by the fall of a scaffold constructed by said masons, which fall was due to improper and negligent construction. *Held*, that the negligence which produced plaintiff's injury was that of his fellow-servants, and his employer was not liable therefor.

---

On rule to show cause.

Argued at November Term, 1895, before BEASLEY, CHIEF JUSTICE, and Justices MAGIE and LUDLOW.

For the rule, *John R. Hardin.*

*Contra, John T. Dunn.*

The opinion of the court was delivered by ·

MAGIE, J.  This cause was tried in the Union Circuit, in the May Term, 1892.  Plaintiff obtained a verdict, and a rule to show cause was allowed defendant within the required time.  This rule has only been brought to hearing at this term.

The action of plaintiff was brought to recover damages from the defendant, his employer, for injuries received by the fall of a scaffold on which plaintiff was working.  The reasons assigned for a new trial are founded solely upon the alleged error of the trial judge in refusing to nonsuit plaintiff, or to direct a verdict for defendant.

The state of the case contains only the evidence given at the trial on behalf of plaintiff and· the charge of the trial judge.  It discloses that the evidence given on behalf of defendant was omitted therefrom by consent of counsel.  In reviewing the alleged error of the trial judge, we are therefore confined to a consideration of the evidence appearing in the agreed-upon state of the case.

Plaintiff was a laborer in the defendant's employ, engaged in attending upon masons, also employed by defendant, and who were constructing the walls of a brick building.  The evidence shows that when plaintiff delivered to the masons upon a scaffold a hodful of brick, the scaffold fell, and he fell with it, and thereby sustained severe injuries.

The cause of the fall was plainly fixed by the evidence to have been the breaking of a " bearer," one end of which was fastened to a scaffold pole, and the other end was supported by the wall on which the masons were working.  The bearer supported the scaffold planks on which the masons stood.

Plaintiff claimed to have established defendant's liability to him for his injuries on the ground that the evidence showed a dereliction of the duty which, as employer, he owed his servants in two respects, viz., (1) as to the materials with which the scaffold was constructed, and (2) as to the manner of its construction. His case was thus submitted to the jury, with instructions as to a master's duty, which are not complained of, and which seem unobjectionable, if applicable. The only question, therefore, is whether the evidence justified their application.

With respect to the materials used in the construction of the part of the scaffold that fell, the evidence does not show that they were furnished by defendant. On the contrary, it appears that the masons took lumber belonging to the carpenter engaged upon the building, and used it, without his knowledge, in the construction of that part of the scaffold. The bearer that broke was thus procured.

But it is unnecessary to consider whether defendant is charged with any liability for defects in materials thus procured, for the evidence makes it clear that the fall of the scaffold was due, not to defects in the material, but to defective construction. The bearer used was three by six and about ten feet long. It was so adjusted that the scaffold planks were supported by it on what the witnesses call "the flat," and the proof shows that if placed "on edge" it would have been sufficient for its purpose. The weight it supported was therefore imposed on its weakest side. This, it appears, is contrary to the usual mode of construction.

The only question, then, is whether defendant is liable for this error in construction.

It affirmatively appears that defendant personally took no part in its construction, but that it was constructed by the masons in accordance with the custom of the trade.

As the error of construction which occasioned plaintiff's injury was committed by workmen with whom he was working in a common employment, subject to a common danger which all equally knew must result from a negligent con-

struction of the scaffold, the rule which denies the liability of the master for injury received from the negligence of a fellow-servant was plainly applicable. As there was no evidence that defendant was negligent in the selection and employment of the masons engaged in the work, there was no evidence of defendant's liability sufficient to be submitted to the jury.

In a case where the evidence was sufficient to establish, *prima facie*, that a ladder was furnished by an employer to be used by his workmen, it was held that the master was bound to take reasonable care to have it safe for such use. *Mills* v. *Maine Ice Co.*, 22 *Vroom* 342. But in this case the scaffold was not a permanent platform furnished by the employer on which he invited his workmen to stand in doing their work. *Mulchey* v. *Meth. R. Society*, 125 *Mass.* 487. It was a temporary and movable platform, to be increased in height as the work progressed, by the workmen themselves, as their needs required. For an injury received by one workman from the negligence of others in increasing the scaffold's height, the employer would be no more liable than he would be for the fall of a ladder furnished by him to his workmen, when the fall was the result of one of them negligently placing it insecurely.

For these reasons, I think the rule should be made absolute.