CHARLES PFEIFFER, PLAINTIFF IN ERROR, v. JOHN H. DIALOGUE, DEFENDANT IN ERROR.

Argued March 9, 1900—Decided June 18, 1900.

The plaintiff, who was employed in bolting iron plates fast to a vessel in the course of its construction, suffered injuries by his fall from a scaffold erected by carpenter workmen, engaged with him in the common employment of the defendant and in the general construction of the vessel. Assuming that the plaintiff's fall was caused by the improper or negligent construction of the scaffold, it was *held* that the negligence upon which the suit was founded was that of co-servants for which the master was not in law liable, and that no right of action against him was shown.

On error to the Supreme Court.

For the plaintiff in error, *William B. Knight* and *Samuel H. Richards.*

For the defendant in error, *George Reynolds.*

The opinion of the court was delivered by

VREDENBURGH, J.   The trial at the Camden Circuit, of this cause, resulted in a direction by that court of an entry of nonsuit, and from the judgment, in the Supreme Court, thereon, this writ of error is prosecuted.   The plaintiff, having been called as a witness on his own behalf, testified as follows :

. "I was putting bolts in on the side of the vessel, and I wanted to go around on the other side to work at something else, and as I went around on the other side, I slipped and fell.

"*Q.* What slipped ?

"*A.* I was about the middle of the plank, and the plank went down.

"*Q.* Then the plank slipped and fell from the scaffolding, and you broke your arm ?

"*A.* Yes."

The suggestive and leading character of this examination of this interested witness is thus apparent, and casts more than a doubt upon a point which is vital to the plaintiff's case.   As it stands upon the record it is by no means clear from the plaintiff's sworn version of the accident that his fall was not entirely attributable to his own slip or misstep on the scaffold, and not at all due to the alleged defective construction of the scaffold.   But aside from this consideration, and upon the assumption that the plank on which he was walking slipped before he slipped, because it was not securely fastened or nailed, we think the nonsuit was properly directed. No defect in the materials used for the scaffold appears, nor that the defendant in person took any part in its construction,

but the evidence clearly shows that the platform or scaffold, which was a temporary and movable one to be increased in height as the work progressed, was constructed by carpenters who must be regarded, under the evidence, as fellow-workmen with whom the plaintiff was engaged in a common employment, and subject to risks common to all of them. All these workmen, whether iron workers or carpenters, were employed in the common undertaking of constructing the vessel. Even if the platform had been negligently erected as claimed, the defendant cannot be held responsible in damages under the many firmly-settled adjudications of our courts, among which are *Maher* v. *McGrath,* 29 *Vroom* 469; *Olsen* v. *Nixon,* 32 *Id.* 671, decisions recently approved by this court in *Curley* v. *Hoff,* 33 *Id.* 758. In the cases cited the facts were so closely similar to those of the present case, and the law applicable to those facts was so fully examined and expounded that, it seems to me, to extend this opinion further would be a repetition serving no useful purpose. The plaintiff's counsel, in his brief, seems to rely upon the case of *Cole* v. *Warren Manufacturing Co.,* reported in 34 *Id.* 626, decided by this court in November, 1899. In that case a permanent scaffold, on which the plaintiff, who was a millwright in the employ of defendant, had been accustomed to walk, in the performance of his duties, was deprived of its usual support, at one end of it, in the course of the partial reconstruction of the mill, by an architect and builder who had been employed by the owner for that purpose. The plaintiff in that case had a right to rely upon the previously safe support given to the scaffold by the hanger in its ordinary condition. The act of the owner, through his builder, in taking away this support and leaving the scaffold insufficiently sustained to carry the weight of the plaintiff, was an act from which negligence was properly inferable, and was not the act of a co-servant. This case has no analogy to the present.

The judgment should be affirmed.

· *For affirmance*—MAGIE (CHANCELLOR), DEPUE (CHIEF· JUSTICE), VAN SYCKEL, DIXON, LIPPINCOTT, GUMMERE, LUDLOW, BOGERT, HENDRICKSON, ADAMS, VREDENBURGH. 11.

*For reversal*—None.