George McBeath et al. v. Margaret Rawle, Adm'x, etc.

1. MASTER AND SERVANT—*Duty of the Master to Furnish a Safe Place for the Servant to Work.*—The duty of the master to exercise reasonable care to see that the place furnished for his servant to work is reasonably safe, is a positive obligation, and the master is responsible for any failure to discharge such duty; and whether he undertakes its performance personally or through another servant, he can not divest himself of such duty, and is responsible as for his own personal negligence, for a want of proper caution on the part of his agent.

2. SAME—*Requisites of a Recovery for Injuries by Reason of Defective Appliances Where the Rule Stated Does Not Apply.*—The rule that the servant, in order to recover for an injury by reason of defects in appliances furnished by the master, must establish, first, the defect; second, that the master had or should have had knowledge or notice; and third, that the servant did not know of the defect and had not equal means of knowing of it with the master, will not be applied to

McBeath v. Rawle.

defeat a recovery upon facts which disclose that the defect in a scaffold was one which the master should have discovered by such an inspection as the exercise of ordinary care requires, and the servant is so employed that he has the right to rely upon the duty of the master having been performed, without himself inspecting the scaffold.

3. Same—*Notice or Knowledge of Defects.*—The rule that where a scaffold has been properly constructed and has become unsafe by reason of defects subsequently arising, the liability of the master depends upon notice of such subsequent defect, does not apply when the defect occurs by reason of the failure of the master to discharge the duty, cast upon him by law, of providing a safe place for the servant to work.

4. Appellate Court Practice—*Questions of Variance Must Be Raised in the Court Below.*—Where the question of variance between the allegations and the proofs is not raised in the trial court, it can not be raised in the Appellate Court.

Trespass on the Case.—Death from negligent act. Appeal from the Superior Court of Cook County; the Hon. Marcus Kavanagh, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1900. Affirmed. Opinion filed February 14, 1901.

Statement.—Appellants were stone-setting contractors and employed Thomas Rawle, appellee's intestate, as an expert stone-setter. While engaged in setting stone upon a building in Chicago, the scaffold upon which Rawle was working gave way and fell, and Rawle was so injured that he died. The scaffold was constructed by a brick-mason contractor who was doing the brick-work upon the building. It appeared from the evidence that it is the custom in Chicago in constructing large buildings of the kind here in question, for the brick-mason to erect and maintain a scaffold for his own use and for the use as well of the stone-setting contractor, and that by this custom the stone-setting contractor never builds any scaffold for his own use, but relies entirely upon his right to make use of the scaffold of the brick-mason contractor. The scaffold in question was constructed by the brick-mason on the day of, or the day preceding the injury. While Rawle, as an employe of appellants, was using the scaffold, it broke and fell. The cause of the break was an unsound board or scantling four by six, used as one of the supports of the scaffold. This board or scantling was weakened by a knot in it, and the

break occurred at the knot. This knot is described in the evidence as from one to one and a half inches in diameter. It extended to the surface of the scantling and was open to observation.

The evidence shows that Rawle was a very skillful stone-setter and that he had practical supervision of the stone-setting work of appellants at the place in question. One of appellants visited and inspected the progress of the work from time to time.

At the time of the injury it had become necessary to remove some imperfectly cut stones from their place in the wall for the purpose of recutting them. To this end Rawle had the stones lowered upon the scaffold, and then, after they were upon the scaffold, he jumped down from the wall upon the scaffold, whereupon the scaffold gave way and fell. There was some conflict in the evidence as to the propriety of placing the stones thus removed from the wall upon the scaffold; but there was evidence sufficient to warrant the jury in finding that the practice was not unusual and that scaffolds were built for such as well as other purposes. One of appellants visited the work upon the day of the injury and saw one of the stones upon the scaffold, and went upon the scaffold himself.

The issues were submitted to a jury, and by their verdict they found against appellants and assessed appellee's damages at $5,000. From judgment upon the verdict the appeal here is prosecuted.

WALKER & PAYNE, attorneys for appellants.

WILLIAM GARNETT, JR., and IRA C. WOOD, attorneys for appellee.

MR. JUSTICE SEARS delivered the opinion of the court.

The evidence is sufficient to establish that the scaffold in question was insecure by reason of a defective scantling used as one of the supports, and that the defect, viz., a knot which weakened the scantling, was apparent upon the

surface of the scantling and could have been detected by inspection.

Counsel for appellants contend that there can be no liability imposed upon appellants by reason of the defective condition of the scaffold, because the scaffold was furnished by the brick-mason contractor and not by appellants. We are of opinion that this contention can not be sustained. The scaffold was in fact used by appellants, and in that use they in effect furnished it to their employes to go upon. The fact that the brick-mason, in pursuance of established custom, built it and furnished and maintained it, goes only to the manner in which appellants acquired the scaffold. While appellants used it in their business they furnished it to their employes, and it matters not at all whether they built it themselves or got it by gift of another, or through right of established custom. By whatever means they acquired it, they were in any event bound to the duty imposed upon them by the law to exercise a reasonable degree of care in the furnishing of it as a place for their employes to work. C. B. & Q. R. R. Co. v. Avery, 109 Ill. 314; Pullman Palace Car Co. v. Laack, 143 Ill. 242; Wis. Cent. R. R. Co. v. Ross, 142 Ill. 9; Hess v. Rosenthal, 160 Ill. 621; C. & A. R. R. v. Maroney, 170 Ill. 520; C. & A. R. R. v. Scanlan, 170 Ill. 106; Rice v. Paulsen, 51 Ill. App. 123; East St. Louis I. & C. S. Co. v. Crow, 52 Ill. App. 573.

In Hess v. Rosenthal, *supra*, the court, speaking through Mr. Justice Cartwright, said :

" The duty to exercise reasonable care to see that the place furnished for a servant to work is reasonably safe, is a positive obligation toward the servant, and the master is responsible for any failure to discharge that duty, whether he undertakes its performance personally or through another servant. The master can not divest himself of such duty, and he is responsible as for his own personal negligence for a want of proper caution on the part of his agent. (Chicago and Northwestern Railway Co. v. Swett, 45 Ill. 197; Chicago and Northwestern Railway Co. v. Jackson, 55 Id. 492; Mobile and Ohio Railroad Co. v. Godfrey, 155 Id. 78; Cooley on Torts, 561.)"

We can not give consideration to authorities of other

jurisdiction, relied upon by appellants, which are directly *contra* to the sound and well established doctrine of this State. The doctrine of independent contractor is not consistent with the use by appellants, and does not apply.

It is also urged by counsel for appellants that because the defect here in question, the knot by which the support of the scaffold was weakened, was open to sight, therefore it was as readily to be discovered by Rawle as by appellants, and hence there can be no recovery.

There are decisions which follow the rule announced by the author in Wood on Master and Servant, Sec. 414, viz., that the servant in order to recover for an injury by reason of defects in appliances furnished by the master, must establish, first, the defect; secondly, that the master had or should have had knowledge or notice; and, thirdly, that the servant did not know of the defect and had not equal means of knowing with the master. Goldie v. Werner, 151 Ill. 551; Howe v. Medaris, 183 Ill. 288.

The general doctrine is not to be disputed, and when applied to facts like those in the Goldie case, where there was evidence tending to show that the servant aided the vice-principal of the master in selecting the defective plank of a scaffold and in putting it in use, the rule might be applied to defeat a recovery, although in that case it was held that a jury might conclude that the servant in carrying the defective plank to put it into the scaffold " had hold of the end furthest from the knot, and his attention, therefore, not so likely to be called to it." In the Goldie case, where the rule was held to be applicable to certain theories of defense based upon some evidence, yet a recovery by the servant was sustained. In the Howe case the defect was in machinery and was the result of the wear of considerable use. Doubtless the rule would there apply if the servant who had the machine under his immediate supervision had equal means of knowing the defective condition with the master. The court in that case held that the evidence clearly established that the servant did have such equal means of knowledge, and a recovery was defeated.

But the rule does not apply to defeat a recovery upon facts which disclose that the defect in a scaffold was one which the master should have discovered by such inspection as the exercise of ordinary care would require, and where the servant does not appear to have had knowledge of the defect, and is so employed that he has the right to rely upon the duty of the master having been performed, without himself inspecting the scaffold. C. & A. R. R. Co. v. Maroney, *supra*.

The exercise of reasonable care upon the part of the master in selecting appliances and places for his employes to work with and upon, may require a very different inspection than such as reasonable care upon his part would impose upon the servant. Union Show Case Co. v. Blindauer, 75 Ill. App. 358; affirmed in 175 Ill. 325.

We regard the evidence as warranting the jury in finding that Rawle was in the exercise of reasonable care for his own safety when injured. The fact that he had the stones placed upon the scaffold and the further fact that he jumped down upon the scaffold, a distance of between three and four feet from the wall above, would not, as a matter of law, *per se* constitute contributory negligence upon his part. The evidence tended to show that such scaffolds were ordinarily used for such purposes as the placing of stones upon them, and if this scaffold had not been defective by reason of the weak scantling, it can scarcely be concluded that either the stones or the weight of Rawle, or both together, would have caused it to give way.

A witness, Dell, an iron worker upon the building, testified that he said to Rawle that he thought the scaffold unsafe when the stones were being placed upon it. But this witness did not inform Rawle as to any defect in any of the timbers of the scaffold and said nothing of the knot-hole in the scantling which broke.

It is not to be concluded from the evidence that if the scaffold had not been weakened by the defective scantling, Dell's opinion as to the weakness of such a scaffold would still have been proved by the result to have been right, and

Rawle's estimate of its strength wrong. If Rawle had had knowledge of the defect in question and yet had relied upon the strength of the scaffold, a very different question would be presented.

We can not say that the verdict is against the weight of the evidence either upon the finding of appellant's negligence or Rawle's exercise of ordinary care.

It is also urged that there is a variance because the *narr.* counts upon defective construction and the evidence shows a defective piece of wood used in the construction. We think the allegation broad enough to cover the proof. Moreover, the point was not raised in the court below, and can not now be presented and urged for the first time. We deem it unnecessary to cite authorities upon the matter.

The first refused instruction was properly refused. It presented the fact of the furnishing of the scaffold by the brick-mason contractor as an absolute bar to recovery. The fourth of the refused instructions states a correct proposition of law, in presenting the rule as above noted, that the servant must show in addition to the defect, notice or knowledge of the master, or that he ought to have had knowledge, and that the servant did not have equal means of knowledge with the master. But there was no error in the refusal to give this instruction, for the rule as to notice or knowledge as applied to a scaffold furnished by the master would be likely to mislead, the defect having existed in the scaffold when first presented. C. & A. R. R. Co. v. Maroney, 170 Ill. 520.

In that case the court, speaking through Mr. Justice Boggs, said:

" We do not assent that it was requisite to a recovery it should have been proven that appellant had notice, etc. * * * or that appellee did not know, or had not equal opportunity with appellant of knowing, the scaffold was unsafe, etc. * * * If the scaffold had been properly constructed and had become unsafe by reason of a defect subsequently arising, the doctrine that the liability of the appellant company depended upon notice of such subsequent defect might have had application, but not so when

the defect occurs by reason of the failure of the appellant company to discharge the duty cast upon it by law of providing a safe place for the appellee to work. If it omitted its duty in this regard, no rule of law required it should be notified of its own failure before it should be deemed answerable for injury resulting from such failure."

The instruction as applied to the facts of this case would be likely to mislead, and there was no error in refusing it.

The instructions given presented the issues fairly to the consideration of the jury, and we are of opinion that the verdict is sustained by the evidence.

No other question is raised by the briefs of counsel for appellants. The judgment is affirmed.