[No. 4318. Decided December 23, 1902.]

JAMES J. RALPH, *Respondent,* v. AMERICAN BRIDGE COMPANY OF NEW YORK, *Appellant.*

MASTER AND SERVANT — SAFE APPLIANCES FOR WORK — DEFECTIVE LADDER.

The rule requiring the master to exercise reasonable care in providing the servant with reasonably safe appliances affords a right of recovery to a workman injured by reason of the defective condition of a beam made into a ladder by means of cleats nailed across it, and used by the foreman and workmen as a ladder in the construction of a high, steel-frame building, since the very necessities of work upon such a structure would impose the duty upon the master of furnishing adequate ladders.

SAME — NEGLIGENCE — PROXIMATE CAUSE — CONCURRING ACTS OF MASTER AND FELLOW SERVANT.

Even if the negligence of a fellow servant in constructing and adjusting the ladder concurred with that of the master in failing to supply a suitable ladder, it would not excuse the primary negligence of the master for injury to another of his servants.

SAME — NEGLIGENCE OF THIRD PARTIES — INSTRUCTIONS.

In an action against the contractor for the steel frame work of a building to recover for injuries received by reason of having been compelled to use a defective ladder, in which the defense was interposed that the ladder was made insecure through the prior acts of stone masons employed in connection with the building, an instruction is not misleading as localizing the position of the masons at the bottom of the work, when it charges the jury that if at the time plaintiff was injured certain stone masons were employed near the foot of the ladder in question, and if the plaintiff was injured on account of any act of theirs and not by negligent acts on the part of defendant, plaintiff could not recover.

Appeal from Superior Court, King County.—Hon. GEORGE MEADE EMORY, Judge. Affirmed.

*R. S. Eskridge, James Hamilton Lewis, Thomas B. Hardin* and *Leroy V. Newcomb,* for appellant.

*Fred H. Peterson,* for respondent.

The opinion of the court was delivered by

REAVIS, C. J.—Action for personal injuries. The defendant is a corporation engaged in the construction of buildings, and was erecting the steel frame-work of a large building on Post street in Seattle. Plaintiff was employed by defendant in and about the erection of said steel structure, and his duties required him to work throughout the building. The maximum height of the structure was 80 feet. The large steel columns were raised with a derrick, and then pushed into place at the top with wooden beams four by six inches, and, when erected, stayed in place by such beams. One of the steel columns, which was

80 feet in height, had been erected, and was stayed by one of the wooden beams. The beam was placed at the bottom of one column, and then at an incline of about 60 degrees against the column it stayed. The column was also wedged at the top to keep it in a perpendicular position. This particular beam had been sawed off by one of the workmen, and was too short by about 18 inches, but, in order to make it available, was drawn away from the foot of the column at the bottom and a short piece of timber about 18 inches long put in between the beam and the foot of the column, where it was secured. This beam was about 16 or 18 feet long, and in this way used as a stay for the steel column, when cleats about 18 inches long were nailed upon the beam, and thereafter it was generally used by all the workmen about the building, including the foreman of defendant, who had occasion to go up and down from the top of the structure to the basement. It had been in regular use as such ladder for about two months, when the plaintiff was directed by the assistant foreman of defendant to go to the top of the structure on an errand. Plaintiff went up from the basement. He started up on the cleats nailed on the beam, and, when about two-thirds of the way up on this ladder, it turned over and dropped about four feet, and the plaintiff fell to the basement of the building, sustaining the injuries for which he claims damages. The complaint alleged that a Mr. Grimm was defendant's foreman in complete charge of the erection of the steel frame structure, and that the wooden beam used as a ladder was erected by defendant for the use of all its workmen. It charges negligence as follows:

"That through the negligence and carelessness of the agents and servants of said defendants, and particularly through the carelessness of said Grimm as such foreman and superintendent, without any knowledge thereof on the

part of said plaintiff, the said timber was permitted to become loose and unfastened, and that when said plaintiff, in the usual course of his employment, attempted to go from the first to the second story of said building, and going by way of said timber, and upon the aforesaid cleats, the said timber, by reason of its not being properly fastened and having become loose as aforesaid, canted and rolled over, and said plaintiff was thereby precipitated upon the iron beam of the first story of said building, a distance of about fifteen feet, and then was thrown into the basement of said building a further distance of about fifteen feet, or in all a distance of 30 feet."

The answer admits the employment of plaintiff, and that Grimm was in charge of the construction for defendant; admits the erection of the wooden beam, and its use by all the workmen as alleged in the complaint. For affirmative defense the answer alleges:

"That the nature, character, and position of the ladder referred to in plaintiff's complaint were open and apparent to plaintiff at all times, and that all damages and risks incident to the use thereof were assumed by him.

"That at the time and place of said accident, said plaintiff carelessly and negligently stepped upon and attempted to climb said ladder, and carelessly and negligently loosened the same so that it turned, and carelessly and negligently fell therefrom; and defendant avers that the injuries, if any, sustained by plaintiff, were caused and contributed to by his own careless and negligent acts."

1.     There is no substantial conflict in the evidence as to all the material facts. It appears that plaintiff and his fellow workmen all engaged in raising and placing the steel columns, and also in bracing and staying them, as mentioned, with the wooden beams such as the one from which plaintiff fell, though it seems plaintiff was not engaged about or with any one in placing this particular beam as a stay, and had no knowledge that it was short and

braced at the bottom by another piece of timber. It does not appear from the evidence of plaintiff who fastened the cleats to the wooden beam. However, it does from that of defendant, which shows that defendant's time-keeper, and another workman employed in the same capacity as plaintiff, and the inspector of the structure, who was in the employ of the owner of the buildings, nailed the cleats to the beam which caused it to be used as a ladder. There was some evidence on the part of defendant tending to show that some stone masons were also working around the structure; that such masons were in the employ of the contractor doing the masonry work; and that these masons put a rope around the steel column at its top, and in the course of their work loosened the wedges which were used to hold the top of the column in place. It was also shown that a fellow workman of plaintiff, some twenty or thirty minutes before the accident, observed the timber heretofore mentioned as holding the bottom of the beam in place was loosened, and this workman was looking for the foreman, Grimm, to inform him of the insecurity of the beam, when the accident occurred, and before he found the foreman. The foreman was familiar with the ladder, knew of its general use, and himself used it. Defendant was, during all the times mentioned, a contractor for the erection of the steel frame work of the building.

2.    The first error assigned is that the court should have taken the case from the jury because of the insufficiency of the evidence to show any negligence on the part of defendant. Counsel for defendant urge, as there is no substantial conflict in the evidence, the verdict should have been directed by the court. We think the determination of this question is virtually the decision of the case. The main ground urged against the verdict is that the ladder mentioned was erected by the fellow servants of plaintiff, and that it was

an incident to their work; that the defendant owed no duty
to plaintiff as the ladder was not an appliance which the
master was required to furnish.    It is insisted the rule,
"the master must exercise reasonable care in providing the
servant with a place and appliances reasonably safe," is
not applicable to the facts in this case, and with much in-
dustry and diligence counsel have referred to and reviewed
many authorities which it is claimed support their con-
tention.    Some of these, which illustrate the discussion,
are mentioned here.    *Butler v. Townsend,* 126 N. Y. 105
(26 N. E. 1017), was where an accident occurred from
defective staging erected in repairing a ship.    There were
two sets of contractors at work, one called "lumpers" and
the other "caulkers."    It was the duty of the former to
erect a staging, and the caulkers thereafter used it.    It
was held, first, that the lumpers were not agents of the de-
fendants, the owners of the ship, and hence the owners were
not liable for the injury occasioned by the defective scaf-
folding to one of the caulkers.    The court also held that the
staging was not a *place,* but was an appliance to be fur-
nished by the caulkers themselves; and that the injured
caulker was a fellow servant of the lumpers, for all were
engaged in the same general work,—the repair of the ship.
In *Lindvall v. Woods,* 41 Minn. 212 (42 N. W. 1020, 4
L. R. A. 793), the case was a trestle erected by railway
workmen, and it was held that all the men working in the
construction of such structure were fellow servants.    In
these cases, and in others of those cited by appellant, the
rule announced in the classification of fellow servants is not
in harmony with the uniform decisions of this court.    We
have frequently stated and approved the principle that the
duty of the master to provide a reasonably safe place and
reasonably safe appliances for his servant is personal, and,
whether this duty is performed by the principal or by his

agent, whoever that agent may be and in whatever capacity he may generally be employed, the duty is still that of the principal. It is also well settled that, if the negligence of a fellow servant concur with the negligence of the master, it does not excuse the primary negligence of the master for injury to another fellow servant. The present case may be distinguished from a class of cases which have frequently arisen where temporary staging is used by workmen as a part of the details of their ordinary work and erected from time to time by themselves. The mason or carpenter who, in common with his fellows in the same occupation, erects scaffolding, or carries a ladder for such use, which he furnished himself, assumes the risk of his work in the safety of such scaffold or ladder. But here there was a large, steel-frame structure in process of construction, which obviously required many appliances for the workmen; among those, ways to go from the basement to the top of this tall building. Under such circumstances, and in view of the conditions shown in the evidence, the duty of supervision and inspection of such necessary appliances was imposed upon the defendant. There are some pertinent and well considered cases which maintain this view of the duty imposed on the defendant. In *McBeath v. Rawle,* 93 Ill. App. 212, it was observed:

"The evidence is sufficient to establish that the scaffold in question was insecure by reason of a defective scantling used as one of the supports, and that the defect, viz., a knot which weakened the scantling, was apparent upon the surface of the scantling and could have been detected by inspection. Counsel for appellants contend that there can be no liability imposed upon appellants by reason of the defective condition of the scaffold, because the scaffold was furnished by the brick-mason contractor and not by appellants. We are of opinion that this contention can not be sustained. The scaffold was in fact used by appellants, and

in that use they in effect furnished it to their employees to go upon. The fact that the brick mason, in pursuance of established custom, built it and furnished and maintained it, goes only to the manner in which appellants acquired the scaffold. While appellants used it in their business they furnished it to their employees, and it matters not at all whether they built it themselves or got it by gift of another, or through right of established custom. By whatever means they acquired it, they were in any event bound to the duty imposed upon them by the law to exercise a reasonable degree of care in the furnishing of it as a place for their employees to work. *C. B. & Q. R. R. Co. v. Avery,* 109 Ill. 314; *Pullman Palace Car Co. v. Laack,* 143 Ill. 242; *Wis. Cent. R. R. Co. v. Ross,* 142 Ill. 9; *Hess v. Rosenthal,* 160 Ill. 621; *C. & A. R. R. v. Maroney,* 170 Ill. 520; *C. & A. R. R. v. Scanlan,* 170 Ill. 106; *Rice v. Paulsen,* 51 Ill. App. 123; *East St. Louis, I. & C. S. Co. v. Crow,* 52 Ill. App. 573."

The case of *Chicago & A. R. R. Co. v. Maroney,* 170 Ill. 520 (48 N. E. 953, 62 Am. St. Rep. 396), is directly in point on nearly all the material questions raised here. See, also, *Beattie v. Edge Moor Bridge Works,* 109 Fed. 233; *Mills v. Maine Ice Co.,* 51 N. J. Law 342 (17 Atl. 695); *Flanigan v. Guggenheim Smelting Co.,* 63 N. J. Law, 647 (44 Atl. 762).

3. From the foregoing discussion and the conclusion on the ruling of the court in submitting the case to the jury, it seems unnecessary to review in detail the errors assigned on the instructions. The court gave the following instruction on the evidence referring to the action of the stone masons:

"I instruct you, also, gentlemen of the jury, that if you believe that at the time the plaintiff was injured certain stone masons were employed near the foot of the ladder in question, and if you further believe from the evidence that on account of the act on the part of such stone masons, if any such persons did exist, the plaintiff was injured; and

not injured, gentlemen, by negligent acts on the part of the defendant company, then I instruct you, gentlemen of the jury, that the plaintiff would have no right to be compensated at the expense of the defendant in this case, because the defendant in this case is being sued as for the acts and the wrongful acts of itself and its own agents, and not on account of the acts of other persons, or the agents of other persons."

. The instruction does not seem to bear the injurious construction inferred by counsel. It does not emphasize the position at the bottom where the masons were working, so as to impress or mislead the jury. The principle announced is correct, if the injury occurred directly from the acts of the masons, and the defendant's negligence did not concur therein. But there was evidence, as we have seen, tending to show a defective or insecure condition in placing the wooden beam used as a ladder at the foot of the column which secured it for a considerable time, and inhering in it until the fall. It is sufficient to observe generally that the instructions seem to very clearly and concisely apply the correct legal principles controlling the case, and are well adapted to the comprehension of the jury.

Affirmed.

DUNBAR, MOUNT, ANDERS and FULLERTON, JJ., concur.