[No. 14133. Department One. April 16, 1918.]

VERA HUBBARD, *Appellant,* v. TACOMA EASTERN
RAILROAD COMPANY, *Respondent.*[1]

MASTER AND SERVANT — INJURY TO SERVANT — DEFECTIVE APPLI-
ANCES—PROXIMATE CAUSE—QUESTION FOR ʹJURY. Where the death of
a brakeman was caused by the sudden parting of the train, when
the air hose broke and set the brakes, and a defective coupling gave
way under the strain, the defective coupling was a contributing
cause, and it is error to grant a nonsuit on the theory that the
bursting of the air hose was the proximate cause of the accident,
there being evidence tending to show that, if the train had not
parted, the tender of the engine would have been a great factor of
safety in preventing the accident, making the proximate cause a
question for the jury.

Appeal from a judgment of the superior court for
Pierce county, Chapman, J., entered October 2, 1916,
dismissing an action for wrongful death, upon grant-
ing a nonsuit. Reversed.

*G. C. Nolte* and *Gordon & Easterday,* for appellant.
*Geo. Korte* and *Herbert S. Griggs,* for respondent.

FULLERTON, J.—The appellant's husband was killed
while in the employment of the respondent as a switch-
brakeman. The appellant, conceiving that his death
was caused by the negligence of the respondent,
brought this action to recover in damages therefor.
On the trial she was nonsuited by the court, and ap-
peals from the judgment entered.

On the night of October 13, 1915, the respondent
started a train of empty rock and logging cars from its
Tacoma yards having for its destination a place called
Mineral, a station on its line of railway. On the way
at the various stations, certain of the cars were side-
tracked and others taken on, so that, as the train ap-
proached the station of Kapowsin, it consisted of the

[1]Reported in 172 Pac. 222.

engine and tender, a caboose, and fifty-nine cars. The train was equipped with air brakes and automatic couplers. As the train approached the station last named, on a downgrade of about one per centum, the air hose controlling the brakes burst, causing the brakes to set and lock the train, further causing the coupler between the engine and the first car to part, letting the engine and tender move on and away from the cars. The car next the tender was a flat car, and on this the brakeman killed was standing at the time of the bursting of the air hose. The sudden slackening of the speed of the train caused him to fall forward from the car down onto the tracks between the car and the tender which had moved forward faster than the train approached. He was unable to extricate himself, and the wheels of the car passed over his legs, crushing them, from the effects of which he died in a hospital two days later.

In her complaint, the appellant charged the respondent with negligence in using both a defective air hose and a defective coupler. At the trial, however, she offered no evidence showing or tending to show that the air hose was defective, but in effect conceded that it was not uncommon for such hose to burst even with the best of equipment. As to the coupler, her evidence tended to show that it was defective in that a broken pin had been used on one side of the coupler, being too short to reach through and catch the lower eye thereof, and that the strain put upon it by the sudden locking of the air brakes caused it to split out the only eye by which it was held, thus permitting the engine and tender to part from the train.

The trial court rested its decision on the ground that the proximate cause of the accident was the bursting of the air hose; and as this was not shown to be defective, no recovery could be had, even though the coupler was

defective, since that was a contributing and not the proximate cause of the accident. In so concluding, we think the trial court was in error. The rule, as we have held it to be, is that, where one or more causes combine to produce an injury, any one of them may be termed the proximate cause if it appears to have been the efficient cause. In other words, the rule is that the employer is liable if any one of the cooperating causes of the injury is a culpable act or omission for which the master is responsible. And the rule holds good whether the other causes were defaults for which the master is responsible or were due to some event or condition for which he is not required to answer. *Cole v. Gerrick,* 62 Wash. 226, 113 Pac. 565; *Goe v. Northern Pac. R. Co.,* 30 Wash. 654, 71 Pac. 182; *Hanson v. Columbia & Puget Sound R. Co.,* 75 Wash. 342, 134 Pac. 1058; *Howe v. Northern Pac. R. Co.,* 30 Wash. 569, 70 Pac. 1100, 60 L. R. A. 949; *Ralph v. American Bridge Co.,* 30 Wash. 500, 70 Pac. 1098. If, therefore, the defective pin was the cause of the parting of the train and the parting of the train was the cause of the death of the brakeman, the respondent is liable to answer therefor.

The respondent argues that there was no evidence tending to support the latter contention, and that no such evidence is available; that at most it can be claimed that it is possible the brakeman might not have been injured had the coupler held, and that a mere possibility is not sufficient to charge it with liability. On this branch of the case, the evidence tended to show that the engine tender, when coupled to the train, was some two or two and one-half feet distant therefrom; that the back of the tender was about six feet higher than the top of the flat car on which the injured brakeman was standing; that there is a ladder running up the back of the tender and grab irons on

each of its sides, and also a pin lever running from one side to the other. While it is possible, of course, that one falling from the end of the car towards the back of the tender might have fallen between the end of the tender and the car, yet it cannot be denied that the tender in place equipped as it was would have been a great factor of safety in preventing the accident; such a factor, indeed, that it seems to us it was for the jury, not the court, to say whether it would or would not in fact have prevented it. Matters of this sort are to be measured by their reasonable probabilities, and if, in the light of all of the circumstances, it is more reasonable to say that the accident would not have happened had the train not parted than it is to say that it would have happened in any event, the question is one for the jury to determine.

The case of *Parmelee v. Chicago, Milwaukee & St. Paul R. Co.*, 92 Wash. 185, 158 Pac. 977, cited and relied upon by the respondent, is not contrary to this conclusion. There the evidence tended to show nothing more than that a defect in the car existed near the place at which the brakeman killed fell off the car; nothing to show what caused his fall, much less that the defect caused it. Here there was a fixed material protection against the happening of such an accident as did happen, which was taken away by the negligent act of the company in using a defective coupling pin. Clearly the cases are not parallel.

In this court, on the argument at bar, the respondent produced a model of the coupler and sought thereby to demonstrate that the pin was intended only to hold the coupler together when open, supporting no strain when properly closed, and argues therefrom that the pin in no manner tended to prevent the engine separating from the train. But aside from the fact, conceded to

be shown, that a strain was put upon it sufficient to tear it out from a very considerable piece of iron, the coupler is not in evidence and its mechanism cannot be now considered.  It may be that the jury will find with the contention when presented to it, but the appellant is entitled to meet it by other evidence.  We are not authorized to consider it as a factor in the case.

The judgment is reversed and the cause remanded for a new trial.

ELLIS, C. J., PARKER, and MAIN, JJ., concur.