# The Chicago and Alton Railroad Company

*v.*

## Patrick Maroney.

*Opinion filed December 22, 1897.*

1. Master and servant—*master should provide servant with suitable place and appliances for his work.* It is the duty of the master to provide his servants with suitable and reasonably safe places and appliances in and with which to work.

2. Same—*scaffold for brick masons is a "place" or "appliance" for performing work.* A scaffold to be used by brick masons in erecting a round-house is such a "place" or "appliance" as must be furnished by the master.

3. Same—*duty of providing safe place or appliance cannot be delegated.* The duty of the master to provide his servants with reasonably safe places and appliances in and with which to work is a positive obligation, and cannot be delegated by the master so as to relieve him from liability for defects.

4. SAME—*servant may assume that master has provided a reasonably safe place to work.*  In the absence of actual knowledge to the contrary a servant may assume that his master has discharged his duty in providing a reasonably safe place and appliances in and with which to work.

5. SAME—*when servant need not prove master's knowledge of defects.* A servant suing the master for damages for injuries received by the falling of a scaffold need not prove the master's knowledge of the defect, where such defect is not a latent one, which arose after the construction of the scaffold, but is one which arose from the neglect of other servants of the master to put in place certain braces or foot-locks which had been provided, and which were necessary to strengthen and support the scaffold.

6. SAME—*when master cannot avail of defense of "fellow-servants" in suit for damages.*  A master sued by his servant for damages for injuries received by the falling of a defective scaffold cannot avail himself of the defense that the scaffold was built by other servants of the master claimed to be fellow-servants with the plaintiff, as the master is liable for failure to provide a reasonably safe place to work, whether he undertakes the performance of that duty personally or through other servants.

7. INSTRUCTIONS—*each instruction need not embrace every ground of liability averred in different counts.*  A plaintiff in an action for negligence need not embrace in each instruction every ground of liability averred in the different counts of the declaration, but may frame an instruction for each charge of negligence averred.

8. SAME—*instruction invading province of jury must be refused.*  An instruction is properly refused which invades the province of the jury by attempting to decide a question of fact for them.

*Chicago & Alton Railroad Co.* v. *Maroney,* 67 Ill. App. 618, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. ARTHUR H. CHETLAIN, Judge, presiding.

This is an appeal from a judgment of the Appellate Court for the First District affirming a judgment in the sum of $2500, entered in the Superior Court of Cook county in an action on the case brought by the appellee against the appellant company.

The declaration charged the appellee was engaged by the appellant company to work at his occupation as a brick mason in the construction of a round-house in the

city of Chicago, and that the scaffold prepared by the appellant company for the use of the appellee and other masons gave way and precipitated them to the ground, a distance of twenty feet or more, whereby appellee received serious personal injuries. The first count of the declaration charged that servants of the appellant company, not fellow-servants of the appellee, so negligently and improperly built and constructed the scaffold that it was insufficient to support the weight of the workmen. The second count preferred the same charge of negligence, and specifically charged that the scaffold was built of poor, unsubstantial and defective boards and timbers and was not properly supported by braces or stays. The third count charged that the appellant company negligently caused the scaffold to be overloaded with workmen. The plea was, not guilty, and a trial before the court and jury resulted in a verdict and judgment in favor of appellee in the sum of $2500.

James H. Teller, for appellant.

Willard Gentleman, and Edwin W. Sims, for appellee.

Mr. Justice Boggs delivered the opinion of the court:

The errors assigned in this court are, that the trial court erred, first, in denying the motion of the appellant company, entered at the close of all the testimony, to peremptorily direct a verdict in its favor; and second, the court erred in its rulings in giving instructions for the appellee and in refusing certain instructions asked by the appellant company.

Counsel for appellant insists the appellee, in order to recover, was required to establish three propositions, *i. e.,* (*a*) that the scaffold was defective; (*b*) the appellant company had notice thereof or was chargeable with notice; and (*c*) the appellee did not know of the alleged defect and had not equal means with the master of knowing. It

is urged there was no evidence tending to establish either the second or third proposition, and hence it is argued the court erred in refusing to direct a verdict in favor of the appellant company.

It will be observed the position taken by counsel for appellant ignores the charge of the third count of the declaration. We find that charge was not referred to in any instruction asked by either of the parties, and it is therefore apparent the only issues which the evidence, in the opinion of the parties, justified them in presenting to the jury were those arising under the first and second counts of the declaration. We may therefore assume the appellant is warranted in ignoring in this court the charge of negligence preferred in the third count. We may, then, confine our attention, upon this branch of the case, to the pertinency of the three propositions advanced by counsel for appellant.

The evidence abundantly tended to establish the first of these—that the scaffold was defective. Two witnesses, at least, testified that certain foot-locks and braces intended to be used in the construction of the scaffold, and necessary to properly strengthen it, were not used, but were thrown up on the floor of the scaffold. The section of scaffolding which fell was put up on Saturday afternoon, and the evidence tended to show it was not used on that day. It gave way within a few minutes after the appellee and other workmen went upon it on the following Monday morning.

We do not assent that it was requisite to a recovery it should have been proven that appellant had notice, or was chargeable with notice, the scaffold was unsafe or defective, as urged in the second proposition, or that appellee did not know, or had not equal opportunity with appellant of knowing, the scaffold was unsafe or insufficient, as urged in the third proposition. It was the duty of appellant to provide appellee a suitable and safe place and appliances in and with which to work. (*Chicago Drop*

*Forge and Foundry Co.* v. *Van Dam,* 149 Ill. 337; *Mobile and Ohio Railroad Co.* v. *Godfrey,* 155 id. 78; *Hess* v. *Rosenthal,* 160 id. 621; Cooley on Torts, 561.) In this instance the scaffold was such place or appliance which the appellant company was required to provide. It undertook to construct it, and the defect was in its construction. The fault was not latent in character, but, as the evidence tended to show, was the result of the negligent failure of employees of the appellant company to place in position certain foot-locks or braces necessary to support and strengthen the scaffold, which foot-locks and braces had been supplied to be used for that purpose. If the scaffold had been properly constructed and had become unsafe by reason of a defect subsequently arising, the doctrine that the liability of the appellant company depended upon notice of such subsequent defect might have had application, but not so when the defect occurs by reason of the failure of the appellant company to discharge the duty cast upon it by law of providing a safe place for the appellee to work. If it omitted its duty in this regard, no rule of law required it should be notified of its own failure before it should be deemed answerable for injuries resulting from such failure.

Nor is the third proposition, that it should affirmatively appear the appellee did not know of the defect, or had not equal means of knowing, etc., applicable in such state of case. The appellee had a right to assume the appellant company had discharged its duty, (*Monmouth Mining and Manf. Co.* v. *Erling,* 148 Ill. 521,) and to act upon such assumption, in the absence of actual knowledge to the contrary. *United States Rolling Stock Co.* v. *Wilder,* 116 Ill. 100; *Chicago and Eastern Illinois Railroad Co.* v. *Hines,* 132 id. 161; *Pullman Palace Car Co.* v. *Laack,* 143 id. 242; *Pennsylvania Coal Co.* v. *Kelly,* 156 id. 9; Wharton on Negligence, 211; Bishop on Non-contract Law, secs. 647, 648.

It is, however, insisted, the workmen employed by the appellant company to construct the scaffolding, and the

appellee, were fellow-servants, and that appellee cannot recover if he was injured by the negligence of a fellow-servant.    The relation of fellow-servant, if it existed, can not avail to relieve the appellant company of liability. The duty of the master to furnish safe means, places and instrumentalities for the servant's use is, we declared in *Hess* v. *Rosenthal, supra,* (p. 628,) "a positive obligation towards the servant, and the master is responsible for any failure to discharge that duty, whether he undertakes its performance personally or through another servant. The master cannot divest himself of such duty, and he is responsible, as for his own personal negligence, for a want of proper caution on the part of his agent."    And in *Chicago, Burlington and Quincy Railroad Co.* v. *Avery,* 109 Ill. 314, we said (p. 322): "The master's own duty to the servant is always to be performed.    The neglect of that duty is not a peril which the servant assumes, and where the performance of that duty is devolved upon a fellow-servant the master's liability in respect thereof still remains. Care in the supplying of safe instrumentalities in the doing of the work undertaken is the duty of the master to the servant, hence the rule of non-liability on the part of an employer for the negligence of a fellow-servant has no application in this case, where the negligence in question is the master's neglect of duty in the providing of safe appliances."

We find no error in the ruling of the court upon instructions.    The complaint as to instruction No. 1, given on behalf of appellee, is, it ignores the ground set up in the third count of the declaration.    The instruction has reference only to liability by reason of the alleged negligence charged in the first and second counts of the declaration, and we know of no rule or reason requiring a litigant to embrace in each instruction every ground of liability averred in the different counts of the declaration.    On the contrary, he may frame an instruction touching upon each separate charge of negligence as set forth in any count.

What we have hereinbefore said in response to the insistence of the appellant company that the liability of the master and the right of the appellee to recover depended upon notice or knowledge possessed by the parties, respectively, or which they should have possessed, of the defective condition of the scaffolding, disposes of the objections to the other instructions given on behalf of the appellee, and also the complaints as to the refusal of instructions asked by the appellant, except as to refused instruction No. 3. Instruction No. 3, asked by appellant, but refused, was no doubt intended to advise the jury that if the scaffold was properly constructed, and was "interfered with and weakened afterwards" by some unauthorized person, the appellant company was not liable, unless it appeared it had notice of such subsequent defect or the circumstances were such that it should be charged with notice. But the instruction as framed asked the court to charge the jury that if the scaffolding was properly constructed and finished on Saturday and gave way on the following Monday, as a matter of law the appellant company was not to be deemed chargeable with notice. If involved in the case at all, it was a question of fact whether, under all the circumstances, the time intervening between the alleged completion of the scaffold and its fall was so short that it should be presumed the appellant could not reasonably have discovered the scaffold had been "interfered with and weakened." The law has no rule about it, consequently the court rightly declined to invade the province of the jury by assuming to decide a question of fact for them.

We think the record is free from error, and the judgment of the Appellate Court is affirmed.

*Judgment affirmed.*