George McBeath *et al.*

*v.*

Margaret Rawle, Admx.

*Opinion filed October 24, 1901—Rehearing denied December 5, 1901.*

Master and servant—*effect of servant's knowledge of custom for other parties than the master to erect scaffolding.* Knowledge by a stone-setter of a well recognized custom, in the erection of stone veneer buildings, for the brick-masons to erect the scaffolding upon which the stone-setters worked, does not waive the stone-setter's right to have his master provide him a reasonably safe place to work, in the absence of proof that his contract of employment was made with reference to such custom.

*McBeath* v. *Rawle*, 93 Ill. App. 212, affirmed.

Appeal from the Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. M. Kavanagh, Judge, presiding.

Walker & Payne, for appellants.

William Garnett, Jr., and Ira C. Wood, for appellee.

Mr. Chief Justice Wilkin delivered the opinion of the court:

This is an action by appellee, as administratrix of the estate of Thomas Rawle, deceased, in the superior court of Cook county, to recover damages for wrongfully causing the death of her intestate.

Appellants were stone-setting contractors, and had a contract for setting the cut stone on the Historical building in the city of Chicago. Thomas Rawle, the deceased, was in their employ, working upon this building by the day, as an expert stone-setter. The first count of the declaration avers, that on the 16th day of May, 1893, the defendants were prosecuting the work on this building, and provided the said Thomas Rawle with a certain

scaffold upon which to stand while at work; that said scaffold "was improperly and carelessly constructed," and that the defendants failed to test it to see that it was safe, and while the deceased, with due care and diligence, was using said scaffold pursuing his work, it broke, throwing him to the ground, causing his death. The second count is substantially the same, except that it avers "that it then and there became and was the duty of the defendants, as employers of the said Thomas Rawle, to provide and maintain proper, suitable, secure, strong and safe scaffolding to be used by him in the prosecution of his work, yet they provided him with an improper, unsuitable, insecure, weak and unsafe scaffolding." On a plea of not guilty issue was joined and the cause submitted to a jury, resulting in a verdict of $5000 for plaintiff. From a judgment of affirmance in the Appellate Court defendants prosecute this appeal.

The theory of plaintiff's case is, that it was the duty of appellants to furnish the deceased, as their servant, a safe place in which to work, and that his death was caused by their failure so to do. Several defenses were relied upon at the trial and urged before the Appellate Court, predicated upon the evidence, but all controverted questions of fact being now settled adversely to those defenses, the only grounds of reversal urged in this court are, that the trial court erred in refusing to direct the jury to return a verdict of not guilty, and in refusing to give certain instructions asked on behalf of defendants.

The first of these grounds is based upon the proposition that the plaintiff failed to prove or introduce testimony tending to prove that it was the duty of defendants to furnish the deceased a scaffold upon which to do the work which he was employed to perform. The uncontradicted evidence offered by plaintiff shows, and respective counsel so agreed upon the trial, that in the construction of a stone veneer building, such as this was, a recognized custom prevailed in Chicago that it is the duty of the

persons in charge of the brick work to build the scaffold
to be used by both the brick-masons and the stone-setters.
The brick-masons erect the scaffold, and as the building
progresses the stone-setters place the stone in position
and are followed by the brick-masons, who back up the
work with brick. It also appeared from the evidence
that such custom was followed in the construction of the
building in question, the scaffolds for each floor, as the
building rose, being built by the brick-masons. While
the deceased was setting stone on a scaffold some forty
feet above the ground, the scaffold gave way and he fell,
receiving injuries from which he died.

The contention of counsel for the appellants is, that
by the uncontradicted evidence,—in fact, the admission
of the plaintiff of the existence of the custom as above
stated,—there was no duty devolving upon the defend-
ants to furnish the scaffold upon which deceased worked,
but that that duty rested upon the brick-masons, and
that if, by reason of the negligent construction of the
same, deceased lost his life, the remedy of the plaintiff
below was against them and not against defendants.
With this contention we cannot agree. We have exam-
ined the testimony contained in the record with care, and
are unable to discover anything in the agreement of coun-
sel at the trial, or in the evidence, tending to prove that
the deceased's contract of employment was made with
reference to the custom among builders, or that the de-
ceased waived or relinquished any legal right which he
had to expect of his employers a safe and secure place or
scaffold upon which to work. Conceding to the fullest
extent that the custom existed and that it was known to
exist by the deceased at the time he was employed and
during the time he was engaged in the work, in the ab-
sence of all proof to that effect we are unable to see how
it can be said that such knowledge in any way amounted
to a waiver of his right, under the law, to hold his em-
ployers responsible for the safety of the scaffold. The

fact that he knew that it was built by the brick-masons in pursuance of a duty which they owed the stone-setters under the existing custom in no way estopped him from saying to his employers: "As between you as master and myself as employee the law imposes upon you the duty of providing me with a sufficient scaffold, and although another party may have constructed it in pursuance of a duty which it owed you, still it was your duty to me to see that it was securely and safely built." *Chicago and Alton Railroad Co.* v. *Maroney*, 170 Ill. 520,—citing *Hess* v. *Rosenthal*, 160 id. 621, and *Chicago, Burlington and Quincy Railroad Co.* v. *Avery*, 109 id. 314.

We are not unmindful of the fact that cases arise in which it is not the duty of the employer to furnish a safe place for his employee to work, as where the duty to see that the place or scaffolding on which the labor is to be performed devolves upon the workman himself, and not upon the employer. If a party should be employed to paint a house, there being no agreement as to who should furnish the scaffolding, the duty would doubtless fall upon the painter himself.

In *Channon* v. *Sanford Co.* 70 Conn. 573, relied upon by counsel for appellant, where a servant engaged in decorating a church was injured by the falling of a scaffold constructed by a third person who was an independent contractor, under the peculiar facts of that case it was held that the duty of seeing that the scaffold was safe did not rest upon the employer; and it has been so held in other cases cited by counsel for appellant. But we are unable to see how it can be said here, as an original proposition, that the defendants were not under the legal duty of furnishing the scaffolding upon which the deceased was to work. Suppose we leave out of consideration the proof or stipulation as to the prevailing custom in the city of Chicago, and consider the case as though the deceased had been employed, as he was, by the defendants to set stone upon the building by the day, there

being no agreement as to who should furnish the scaffold; could it be doubted that by reason of that employment the legal duty devolved upon the master (that is, the defendants,) to provide the scaffolding and see that it was safe and secure? We think not. Then the question in the case must be, on the first proposition, does the proof in this case show, so as to establish it as a matter of law, that they had been relieved of that duty? Unless it can be so held, then clearly the court properly refused to withdraw the case from the jury. On the contrary, as we have already said, to our minds there is nothing in the case fairly tending to show that the deceased in any way waived his right in that regard or that defendants were relieved from the legal obligation resting upon them. We are satisfied no error was committed in refusing to give the peremptory instruction to find for the defendants.

In view of the instructions given at the request of the defendants, and in view of what we have already said, the court properly refused to give those asked by the defendants of which complaint is now made. One of these instructions will suffice to point out what we regard as a fatal objection to each of them. The one which perhaps most nearly approaches the law is as follows:

"The court instructs the jury that if you find, from the evidence, that there was a general custom prevailing among mason and stone-setting contractors in the city of Chicago at the time of the injury to said Thomas Rawle, whereby scaffolding in the erection of buildings upon which mason and stone-setting contractors were employed was to be furnished by the brick-mason contractor and not by the stone-setting contractor, which custom was well known to persons engaged in the said building trades and was known to said Thomas Rawle, or by the exercise of reasonable and ordinary care on his part might have been known, then you are instructed that no duty devolved upon the defendants to furnish scaffolding

for the said Rawle to work upon; and if you further find that the said Thomas Rawle worked upon scaffolding built and furnished by the mason contractor without com- plaint, and because of the falling of such scaffolding was injured, then you are instructed that the plaintiff cannot recover in this case, and your verdict should be for the defendants."

The rule announced in this instruction is, that the mere knowledge of Rawle as to the custom between brick-masons and stone-setting contractors, making it the duty of the former to construct the scaffold, would be sufficient to relieve the defendants of the duty of providing Rawle a safe and secure place in which to work, whether he, by words or acts, consented or agreed that they should be relieved from that duty. What we have already said will sufficiently indicate our dissent from that view of the law.

Perceiving no error in the record, the judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*