# Spring Valley Coal Co. v. Joseph Robizas.

## Gen. No. 4203.

1.  FELLOW-SERVANTS—*who are not.*  Servants engaged in placing empty cars upon a track to be loaded by the plaintiff are not, while performing such work, fellow-servants of the plaintiff, where the common master had, by virtue of contract with the plaintiff, obligated itself so to place such cars; and this notwithstanding such servants were ordinarily engaged with the plaintiff in the same general line of employment.

2.  FELLOW-SERVANTS—*what not within the doctrine of.*  A master can not delegate duties imposed by law or assumed by contract, and escape liability under the doctrine of fellow-servants.

3.  NEGLIGENCE—*when recovery must be for common-law.*  Where a declaration counts upon negligence as at common law, recovery must not be sought upon the theory of statutory negligence.

4.  INSTRUCTION—*when error in, is cured.*  A misstatement of the theory upon which the plaintiff is entitled to recover may sometimes be cured by a correct statement contained in another instruction; and this is especially true where there is small dispute as to the facts.

5.  VERDICT—*when not excessive.*  A verdict of $1,750 is not excessive where the plaintiff, a coal miner, was, at the time of his injury, earning $2 per day, was permanently and seriously injured and has in consequence been continuously unable to follow his occupation.

Action on the case, for personal injuries. Appeal from the Circuit
Court of Bureau County; the Hon. HARVEY M. TRIMBLE, Judge presid-
ing. Heard in this court at the April term, 1903. Affirmed. Opinion
filed October 8, 1903.

ALFRED R. GREENWOOD, for appellant.

ORA H. PORTER, WOOD & ELMER and DANIEL BELASCO,
for appellee.

MR. JUSTICE VICKERS delivered the opinion of the court.

This is an action on the case brought by Joseph Robizas
against the Spring Valley Coal Co., for an injury received
by the plaintiff below while engaged in his employment as
a coal digger in appellant's coal mine known as number
three, located at Spring Valley in Bureau County. The
case was tried by a jury in the Circuit Court, resulting in
a verdict in favor of the plaintiff for seventeen hundred and
fifty dollars. The coal company appeals and assigns numer-
ous errors on the record, but the only error complained of
and argued in appellant's brief is the giving of instruction
called number four, and the action of the court in overrul-
ing motion for a new trial, and in rendering judgment on
the verdict.

The appellee was employed as a coal digger and was paid
by the ton for the coal dug by him and loaded on appel-
lant's cars. It was the duty of the appellant, under its
contract with the appellee, to furnish empty cars to be
loaded with coal at the mouth of the entry, which could be
pushed to the face of the coal where they were loaded and
then pulled out by drivers using mule power to haul out
the cars. Appellee was in one of the main entries going
after an empty car when he discovered a driver coming
down grade with two loaded cars going toward the bottom.
There was not room enough for the cars to pass appellee in
the main entry and he made a run to get to the mouth of
the entry where the empty cars were as the nearest place
of safety; he found the mouth of this entry filled with cars,
which, while they are called empties, were, in fact, not
empty, but well loaded with props; appellee got into a space

between the empty and wall, and when the train of loaded cars passed, they collided with the empties, which from some cause had been left in such position that the loaded cars could not clear them; the empty cars were knocked against appellee inflicting serious and permanent injuries to his left knee and his pelvis, and otherwise bruising and injuring him. The declaration contained three counts. In the first count, defendant is charged with a failure to provide the plaintiff with a reasonably safe place in which to work. In the second count, defendant is charged with negligently placing the empty cars in such a position as to cause the collision which resulted in the injury complained of. In the third count, the charge is the negligence of the driver in so negligently managing and driving the train of loaded cars that the collision occurred which caused plaintiff's injury. It is contended that the relation of fellow-servant existed between the appellee and the driver of the cars, and that if the injury was the result either of the negligence of the driver who left the empties in such close proximity to the main track that the loaded cars could not clear, or from the negligent manner of the driver when he approached the empties in not stopping his train if he observed his inability to pass, or if he did not observe that he could not pass, his negligence in failing to so observe; that, in any case, the appellee being a fellow-servant of the driver can not recover. Whatever view may be taken of the question of the relation of the driver to the appellee while engaged in hauling out the loaded cars of coal, certainly there can be no doubt that when engaged in placing the empty cars in position for appellee to load, it being the duty of the defendant to furnish and place the cars, they were not fellow-servants with respect to that work. If the defendant saw proper to intrust the performance of this duty to another, even though it might be to one who was engaged in the same general line of employment with the plaintiff, that such servant while engaged in discharging a duty that devolved on the defendant, either by contract or by operation of law, can not, as respects that particular duty, be regarded as a fellow-servant.

The defendant had taken upon itself the duty to furnish and place these empty cars, and having assumed that duty it can not escape liability for its negligent performance by delegating it to another, on the ground that the agent selected to perform the service was a fellow-servant of the plaintiff. Pullman Palace Car Co. v. Laack, 143 Ill. 257; C. & E. I. R. R. Co. v. Kneirim, 152 Ill. 464; C. & A. R. R. Co. v. Maroney, 170 Ill. 520.

Complaint is made that instruction called number four should not have been given. The instruction is open to the objection that it required the defendant to have places of refuge along its driveways not over sixty feet apart, as provided by the statute. The declaration being for common law negligence, the instruction should not have contained the suggestion that it was the duty of the defendant to have places of refuge at any particular place, but should have left the question for the jury to determine whether the defendant had complied with its duty in this regard. But we are of the opinion that any error in this instruction was cured by others given for the defendant, in which the jury were instructed that it was not the duty of the defendant to have such places of refuge every sixty feet if rooms were driven every sixty feet, as was the case in this mine. When the instructions are considered as a series, the error committed in the instructions complained of being expressly stated in the instruction of the appellant, is not reversible error, especially in a case where there is little dispute as to the facts, as in this case. The damages are not excessive. The appellee was earning two dollars per day when injured; he has been unable to follow his occupation of a coal miner since. His knee is enlarged and he walks lame from his injuries. He was in bed four months and suffered much pain and at the trial he testifies that when he walks a little he still suffers pain. In view of the character of the injuries sustained, we do not think $1,750 more than fair, compensatory damages. The judgment is affirmed.

*Affirmed.*