## Chicago Union Traction Company v. Adolph Sawusch.
### Gen. No. 11,582.

1. REVERSE LEVER—*when failure to furnish, established.* Held, from the evidence in this case, that the jury were justified in finding that the defendant company did not supply the car in question with a proper reverse lever, and that on account thereof the injury to the plaintiff resulted.

2. FELLOW-SERVANT RULE—*when, does not apply.* The doctrine of fellow-servants does not apply where the negligence in question is the master's neglect of duty in not providing reasonably safe appliances.

3. FELLOW-SERVANT RULE—*when instruction as to, properly refused.* Where the question of who are fellow-servants is proper to be submitted to the jury, it is one of mixed law and fact, and an instruction which makes the determination of such question purely one of law, is properly refused.

4. APPLIANCES—*what neglect of duty of master to furnish reasonably safe.* The duty of furnishing reasonably safe appliances carries with it the duty of inspection, and this duty cannot be delegated so as to relieve the master of liability.

5. RULES—*when do not grant immunity.* The master cannot by rules adopted for the government of employees, delegate a personal obligation and thus absolve itself from liability in the event of injury resulting from negligence with respect to non-delegable duties.

6. VERDICT—*when excessive.* A verdict of $12,000 held excessive where the plaintiff, a conductor, was injured by having a leg crushed.

Action on the case for personal injuries. Appeal from the Superior Court of Cook County; the Hon. JOSEPH E. GARY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1903. Affirmed on remittitur. Opinion filed March 21, 1905. Remittitur filed and judgment affirmed for $10,000, March 21, 1905.

**Statement by the Court.** The accident upon which this action is based occurred about eleven o'clock at night on July

3, 1901, on Van Buren street near State street in the city of Chicago. Appellant has a double street car track in that part of Van Buren street, with a switch connecting the two main tracks.

The cars in use were so constructed as to be capable of running in either direction, with a fender at each end. The fender on the rear end of the car for the time being was usually fastened up, while the fender at the front end was down and extended. This necessitated putting up one fender and letting down the other on each car at the end of the run, where the accident happened.

Appellee was a conductor in the employ of appellant. At the time of the accident his car, which was east-bound, had reached the terminus of its run and was about to switch over into the other track for its return trip. It was standing still at the time, the motorman being at the east end of the car. Appellee went to the west end of his car for the purpose of letting down the fender at that end. He found that another car, which had also just come in from the west, had run up so close to his car that he could not lower the fender. He asked the motorman of that car to move it back. The motorman promised to do this, and attempted to turn the handle so as to reverse the power. The handle being one adapted to a larger motor, slipped on the post and failed to reverse the power. When he applied the power, the car, instead of moving backward, started forward and appellee's leg was caught between the cars.

JOHN A. ROSE and LOUIS BOISOT, for appellant; W. W. GURLEY, of counsel.

PINCKNEY, TATGE & ABBOTT and THOMAS A. LEACH, for appellee.

MR. JUSTICE SMITH delivered the opinion of the court.

The facts in this case are simple and undisputed. The cause of the unexpected motion of the rear or Twelfth street car was this: appellant used on its lines two different sizes

of motors, and these different motors had different kinds of handles. These handles are removable. When the cars are taken to the car barns the handles are taken off and put in a place by themselves ready for use again when occasion may require. The motor on the Twelfth street car in question was a small motor. The handle which the motorman was using was adapted to the large motor. The explanation of the use of this handle on the car at the time is shown in the evidence. The motorman had been running a car with a large motor during the day. Something became wrong with that car and he telephoned to the car barn for another car. A car with a small motor was sent out to him from the barn in charge of a man employed in the barn. The cars met at a point about a mile from the barn and the barn man delivered the car in question to the motorman, and took from him the car he had been running. In exchanging cars they did not exchange handles.

Appellant contends that the evidence shows without dispute that appellee and the motorman, by whose act he was injured, were at the time of the accident directly co-operating in the same work for a common master so as to exercise a mutual influence upon each other, promotive of proper caution; and that they were, therefore, fellow-servants, and accordingly there cannot be a recovery in this case. The proposition that they were fellow-servants is not disputed by appellee. His contention is that the rule of non-liability on the part of the master for the negligence of a fellow-servant has no application when, as in this case, the negligence was the master's negligence in failing to provide a proper reverse lever or power handle.

The question then is, was appellant negligent in failing to provide a proper lever or power handle? This is the negligence charged in the second, third, fourth and fifth counts of the declaration, and in the second and third additional counts.

The undisputed evidence is that the barn man, who took the car from the barn to the motorman, selected a proper handle or lever for the car and took the car out with it. He

could not remember, however, whether he turned his lever over to Hunt, the motorman, or whether Hunt took the lever off from his car and put it on the car which Anderson, the barn man, delivered to him. Hunt, the motorman, did not remember, while testifying, whether Anderson, the barn man, when he delivered the car to him (Hunt) at Twelfth and Fortieth streets, also delivered a handle, or whether he (Hunt) took the handle off the car he had been using. He did not discover that he had the wrong handle until after the accident happened; that from the time he received the car until the accident happened he did not look to see whether he had the right or wrong handle. It is not disputed that he was using the wrong handle at the time of the accident. A fair inference from this testimony is that when Anderson reached Twelfth and Fortieth streets and delivered the car he took the handle off the car; and when Hunt received the car, he took the handle off the car which he had been running and put it on the car in question which he received from Anderson. The jury was justified in drawing this inference from the evidence. Indeed, it is not apparent that any other inference could be drawn. If that be the fact, and we think it was, appellant did not furnish to Hunt, the motorman, the proper handle or lever for the car. This was its duty.

In C. B. & Q. R. R. Co. v. Avery, 109 Ill. 314, the court says: "The negligence of fellow-servants is one of the ordinary perils of the service which one takes the hazard of in entering into any employment. But the master's own duty to the servant is always to be performed. The neglect of that duty is not a peril which the servant assumes, and where the performance of that duty is devolved upon a fellow-servant, the master's liability in respect thereof still remains. Care in the supplying of safe instrumentalities in the doing of the work undertaken is the duty of the master to the servant, hence the rule of non-liability on the part of an employer for the negligence of a fellow-servant has no application in this case, where the negligence in question is the master's neglect of duty in the providing of safe appliances."

See also C. & E. I. R. R. Co. v. Kneirim, Adm'x., 152 Ill. 458; C. & A. R. R. Co. v. Maroney, 170 Ill. 520; B. & O. R. R. Co. v. Baugh, 149 U. S. 368.

It will not do to say, as counsel for appellant do, that whether the accident was caused by the act of the motorman in attempting to back his car by the use of a wrong lever, or that it was caused by the act of the motorman in taking the wrong lever when he exchanged cars, the cause of the accident was the act of the motorman, a fellow-servant. The duty of furnishing safe appliances carries with it the duty of inspection, and this duty cannot be delegated, so as to relieve the master of liability. C. & E. I. R. R. Co. v. Kneirim, *supra;* C. & A. R. R. Co. v. Maroney, *supra;* B. & O. R. R. Co. v. Baugh, *supra.* So that, although rules 2 and 15 of appellant, offered in evidence, required motormen taking charge of a car to examine carefully the machinery and ironwork and particularly the brake mechanism, and power handles of their cars, before starting on each trip, and report any repairs that may be needed, the motorman in discharging that duty stood in the place of appellant and became a substitute for appellant, a vice-principal, and appellant is liable for his acts or his negligence, to the same extent as though appellant itself had by some officer or agent appointed and designated for that duty performed the act or was guilty of the negligence. Atchison, T. etc. R. R. v. Moore, 29 Kansas, 452.

Appellant requested and the court refused the following instruction:

"The court instructs the jury that the plaintiff and the servant in charge of and operating said car which struck said plaintiff were fellow-servants, and the plaintiff cannot recover under the first count of the original declaration, even if you find from the evidence that said servant was guilty of negligence in the manner in which he operated said car at the time and place in question."

The action of the court in refusing to give the instruction is assigned for error. We do not think it was error to refuse the instruction. It may be correct to say that the negligence

charged in the first count of the original declaration does not include the question as to the proper equipment or construction of the car. Upon that point we express no opinion. Whether two servants of the same master in a given case are fellow-servants is a mixed question of law and fact. This instruction makes it a question of law alone, and leaves to the jury no question of fact to determine as to the relation of the two men. If that question is a material question in this case, and we do not think it is, it was for the court, by proper instructions, to define the relation of fellow-servants, and for the jury to determine from the evidence whether the relation as thus defined existed in fact. Appellant cannot complain of this ruling of the court for the further reason that the court fully instructed the jury as to what constituted fellow-servants in other instructions, particularly in the fifth and twenty-fifth instructions given at appellant's request, where the substance of this refused instruction was given.

Upon a careful consideration of the question of the amount of damages awarded in this case, we have concluded that the damages, are excessive and that $2,000 must be remitted.

Finding no error in the record the judgment will be affirmed upon a remittitur of $2,000 being filed by appellee in ten days; otherwise it will be reversed and the cause remanded.

*Affirmed on remittitur.*

March 21, 1905, remittitur filed and judgment affirmed for $10,000.