(No. 12797.—Judgment affirmed.)

PHILIP E. WALSH, Defendant in Error, *vs.* THE WEST BADEN SPRINGS COMPANY, Plaintiff in Error.

*Opinion filed December 17, 1919—Rehearing denied Feb. 4, 1920.*

1. MASTER AND SERVANT—*employer's duty to provide safe place to work cannot be delegated.* The common law duty of an employer to use reasonable care to provide a reasonably safe place for an employee to work cannot be delegated to servants, agents or employees.

2. SAME—*employee may assume that employer has provided a safe place to work.* In the absence of actual knowledge the employee may assume that the common law duty of the employer to use reasonable care to provide a reasonably safe place to work has been discharged, and if the employee is in the exercise of ordinary care for his own safety and suffers an injury from a neglect to discharge said duty the employer is liable.

3. SAME—*whether injured employee was in charge of work is a question of fact.* In an action by an employee for an injury occurring in another State where there is a statute making it the duty of the contractor or person in charge of the work to inspect appliances for dangerous conditions, the question whether the injured employee was himself in charge of the work as prescribed in the act is one of fact, and the decision of the Appellate Court on such question is final.

4. EVIDENCE—*when custom in business cannot be proved.* In an action by an employee against his employer to recover for an injury received while working on a defective scaffold it is not competent to prove a custom in the business, in the absence of evidence that the plaintiff's contract of employment was made with reference to the custom.

5. TRIAL—*plaintiff has the right to open and close the argument where defendant pleads general issue.* In an action for negligence, where the defendant pleads the general issue, the plaintiff has the burden of proof and has the right to open and close the argument.

WRIT OF ERROR to the First Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. JOHN J. SULLIVAN, Judge, presiding.

ORPHEUS A. HARDING, and OTTO GRESHAM, for plaintiff in error.

FRANCIS J. WOOLLEY, for defendant in error.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Robert Bruce Watson, of Chicago, supervising architect in the erection of a building for the plaintiff in error, the West Baden Springs Company, at West Baden, Indiana, employed the defendant in error, Philip E. Walsh, at Chicago, as foreman to take charge of everything pertaining to the mason and concrete work. Walsh went to West Baden and took charge of the work for which he was employed as foreman. There were large windows over which there were to be stone lintels, and over the window heads metal I-beams were to be placed to take the weight off the stone lintels. A scaffold was erected by carpenters employed by the company, and on February 20, 1912, Walsh with his men started to set the lintels over the window heads. Walsh, with three of his men, picked up an I-beam weighing about 320 pounds and about eight feet long and carried it up on the scaffold. The weight of the four men and I-beam was much less than the load of mortar and brick which the scaffold was required to carry and was the only weight on the scaffold at the time. The scaffold broke and fell through defective material and construction, injuring Walsh, and he brought his suit in the superior court of Cook county against the company to re-

cover damages for his injury.    Upon a trial there was a
verdict and judgment in his favor, from which the defend-
ant appealed to the Appellate Court for the First District.
The Appellate Court affirmed the judgment, and a petition
for *certiorari* having been allowed, a writ of error was sued
out from this court to the Appellate Court to obtain a re-
view of the judgment of that court.

There were several counts in the declaration, some of
them based on the common law duty of the defendant to
furnish a reasonably safe scaffold on which the plaintiff was
to work, the neglect to perform that duty, and the conse-
quent injury to plaintiff while in the exercise of ordinary
care for his own safety.    Other counts alleged a liability
under the Employers' Liability act of Indiana of March 2,
1911, which changes the burden of proof in cases of neg-
ligence and imposes the burden on the defendant to prove
contributory negligence of the plaintiff, and also abolishes
the doctrine of assumed risk in case of violation by the em-
ployer or his agents of any ordinance or statute enacted for
the protection of the life and limb of the employee, and also
under the Employers' Liability act of Indiana of March 6,
1911, imposing upon the employer duties in the construc-
tion of any building.

By the common law the defendant was bound to use
reasonable care to provide a safe scaffold upon which the
employee was to work.    That duty is one resting upon
the employer, and it cannot be delegated to servants, agents
or employees.    In the absence of actual knowledge the em-
ployee may assume that the duty has been discharged, and
if he is in the exercise of ordinary care for his own safety
and suffers an injury from a neglect of the duty the em-
ployer is liable.    (*Chicago and Alton Railroad Co.* v. *Ma-
roney,* 170 Ill. 520; *Metcalf Co.* v. *Nystedt,* 203 id. 333;
*Donk Bros. Coal and Coke Co.* v. *Thil,* 228 id. 233.)    The
scaffold was erected by carpenters employed by the defend-
ant, and the fact that it was insufficient in material and

defective in construction was proved, and it is not contended that the plaintiff had actual knowledge of the defects in material or construction. So far, therefore, as the counts based on the common law were concerned and apart from any statute or liability created thereby, the uncontroverted evidence established a good cause of action. The other counts, however, stated a liability under the Employers' Liability act of March 6, 1911, and both the claim of the plaintiff under those counts and the defense interposed as to all the counts and the whole cause of action were based on that statute. The defense was that the statute imposed upon the plaintiff a duty in the construction of the scaffold and in inspection of it, to see that it was free from defects and dangerous conditions, and as he neither looked after the material or construction nor made any inspection he could not recover if the statute applied to him. So it will be seen that the whole controversy depends upon the construction of the statute.

Section 4 of the statute makes it the duty of all owners, contractors, sub-contractors, corporations, agents or persons whatsoever engaged in the construction of any building, to see and require that all things whatsoever used therein are carefully selected, inspected and tested, so as to detect and exclude defects and dangerous conditions, and that all scaffolding are amply, adequately and properly constructed to bear all weight and adapted to and perform the services and meet the requirements for which they are designed or used, with safety, and that they are properly and safely used, operated, handled and maintained. Section 5 makes a violation of the act a misdemeanor.

The courts of Indiana have construed the statute in several cases. In the case of *Leet* v. *Block*, 182 Ind. 271, in which the administrators of Charles F. Leet, deceased, sued William H. Block and others for damages by the falling of a scaffold, causing the death of the deceased, the court quoted the material parts of section 4 and said: "The act

evinces no legislative intent to impose a duty of testing and inspecting appliances except on the particular owner, contractor or sub-contractor who has 'charge of' or is 'responsible for' the work, etc., in question." In *Mackey* v. *Lafayette Loan and Trust Co.* 121 N. E. Rep. 682, where Mackey was injured by the falling of a scaffold, the Appellate Court of Indiana, quoting from *Leet* v. *Block,* said it was evident that unless the appellees had charge of or were responsible for that part of the work in the construction of the building in which the appellant was employed at the time of his injuries, there was no duty incumbent upon them, or either of them, to inspect and know that the scaffold in question was a proper and safe scaffold on which appellant might perform his work in safety. As so construed it was a question of fact whether Walsh had charge of the work of building the scaffold or was responsible for the material or manner of construction. The evidence for the plaintiff was clear and emphatic that he did not have such charge, both by his testimony and that of Robert Bruce Watson, the architect. A witness testified that Watson had said that the plaintiff was to take charge of the entire work, but Watson denied having said anything of the kind, and, at any rate, the decision of the Appellate Court on the question was final.

Errors are alleged in refusing to admit evidence offered by the defendant, but there was no error in that regard. Some questions called for conclusions as to the duty of the plaintiff, but the scope of his authority and duty was measured by his contract of employment. Other inquiries were made as to a custom in the business, but it was not competent to prove a custom in the absence of evidence that the plaintiff's contract of employment was made with reference to the custom, which was decided in *McBeath* v. *Rawle,* 192 Ill. 626, with reference to an alleged custom for brick masons to erect scaffolding.

The defendant tendered instruction 12, which was abstract in form and defined negligence. It concluded with this sentence: "The duty is measured and dictated by the exigencies of the occasion," and the court struck that sentence out. The instruction was complete without the sentence stricken out, and, being abstract in form and not applicable to the case, it might well have been refused. It was sufficient, as given, as a definition of negligence.

The defendant also tendered instruction 17, as follows:

"The court instructs the jury that under the law of Indiana the duty was imposed upon the plaintiff of using ordinary care to avoid injury to himself, and that the quantum of care required was proportioned to the danger. It was the duty of the plaintiff to employ his vision and other senses in discovering danger, and if he failed to see a defect which in the exercise of ordinary care he should have seen he was chargeable with constructive knowledge of the defect."

The court struck out all of the instruction after the word "danger" and gave it as altered. The portion of the instruction struck out would have taken from the jury the question whether the plaintiff ought to have been on the lookout to discover whether the scaffold was of proper material and well constructed, and for that reason it was not error to modify it.

A general complaint is made about other instructions, but as no reason is given for the complaint they will not be noticed.

The court refused to allow the defendant to open and close the argument, and there was no error in the ruling because the defendant had pleaded the general issue, and the plaintiff having the burden of proof had the right to open and close.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*